Filed 5/25/22  P. v. Brackett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C094964 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2101447) |
| v. | |
| DEMOND CHARLES BRACKETT, | |
| Defendant and Appellant. | |

In August 2021, defendant Demond Charles Brackett was charged with resisting an executive officer (Pen. Code, § 69; statutory section citations that follow are found in the Penal Code), felony vandalism (§ 594, subd. (b)(1)), and making criminal threats (§ 422, subd. (a)).  It was further alleged defendant suffered a prior serious felony. (§§ 667, subd. (d), 1170.12, subd. (b).)

1

On September 8, 2021, defendant moved to relieve his current counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. After holding a hearing, the court denied defendant's request.

On September 15, 2021, defense counsel declared a doubt as to defendant's mental competency (§ 1368) and the trial court suspended proceedings. The court appointed a psychologist to examine defendant.

On September 27, 2021, defendant filed an appeal solely from the September 8, 2021, order denying his *Marsden* motion.

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

By itself and in the absence of a final judgment of conviction, an order denying a *Marsden* motion is nonappealable because such an order is not listed among any of the matters for which an appeal is authorized by section 1237. (§ 1237 [authorizing a defendant to take an appeal from a final judgment of conviction or from any order made after judgment that affects the substantial rights of the party].) Because defendant has appealed from a nonappealable order, we will dismiss the appeal.

DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.

We concur:

_____
DUARTE, J.

_____
RENNER, J.

3